LOEW'S, INCORPORATED, et al., Plaintiffs, *v.* CROSS BAY AMUSE-MENT Co., INC., Defendant.

Supreme Court, Special Term, New York County, January 18, 1946.

*William Gold* for defendant.

*Arch Weltman* and *Leopold Friedman* for plaintiffs.

NULL, J.   The defendant applies for an order to remove this cause to the United States District Court for the Southern District of New York.   The action is one to enjoin the alleged unlawful use by defendant of the name " E. M. Loew's Cross Bay Theatre "; to restrain unlawful competition, and for an accounting and damages.

The application is predicated upon the provision of section 28 of the Judicial Code (U. S. Code, tit. 28, § 71) which authorizes transfer of an action from a State court to a Federal court

where the action might originally have been brought in the Federal court. Section 24 of the Judicial Code (U. S. Code, tit. 28, § 41) provides, in part, that " The district courts shall have original jurisdiction as follows: First. * * * or, where the matter in controversy exceeds, exclusive . of interest and costs, the sum or value of $3000, and * * * (b) Is between citizens of different States * * *." From the complaint it appears that plaintiffs are Delaware and New York corporations. The defendant is a Massachusetts corporation. Diversity of citizenship is thus established. The primary issue which remains to be solved is the value of the " matter in controversy ".

The plaintiffs make the point that the complaint sets forth no claim to any specific sum of money and that in the prayer for relief there is no demand for any stated damages. It is thereby contended that the defendant has failed to establish that the subject matter of the controversy exceeds the sum or value of $3,000, the amount necessary to confer jurisdiction on the United States District Court.

In an action at law, damages are always measurable in terms of money and the amount claimed as damages is ofttimes deemed to be conclusive upon the issue of jurisdiction. Equitable actions, however, are primarily concerned with the protection of rights. The assessment of damages is only ancillary to the basic purpose of the action. Consequently, the amount in controversy in an action seeking equitable relief can only be ascertained by an appraisal of the value of the asserted right. (1 Hughes on Federal Practice, § 431; *Gibbs* v. *Buck*, 307 U. S. 66.) The absence of any statement that the plaintiffs seek a stated sum of money is not jurisdictionally fatal. If it appears anywhere in the record that the jurisdictional amount is involved, it will satisfy the statutory requirement. Not the damages sought but the value of the right to conduct business free from the alleged unfair competition of defendant is, thus, the standard of measurement (*Gibbs* v. *Buck, supra; Harvey* v. *American Coal Co.*, 50 F. 2d 832; *Great Atlantic & Pacific Tea Co.* v. *A. & P. Cleaners & Dyers*, 10 F. Supp. 450).

Tested by this criterion, the problem resolves itself. The allegations in the complaint indicate that the plaintiffs operate over sixty theatres in the city of New York, catering to more than a million patrons weekly; that the plaintiffs have expended " many millions of dollars in advertising publicity " and for a slogan campaign. These and other averments point to the value of the right sought to be protected. There can be no

doubt that it exceeds the jurisdictional requirements of section 24 of the Judicial Code.

The other objection interposed by plaintiffs, that the surety bond submitted by defendant is defective, needs no comment other than that the original bond which was. submitted to the court bears the seal of the corporate surety at the appropriate places.

The application is granted. Settle order.